## MEDIATED SETTLEMENT AGREEMENT

THIS AGREEMENT (the "Mediated Settlement Agreement" or the "Agreement") is made and entered into by and between CHARTERBANK ("CharterBank"), EVABANK, PRESIDIO DEVELOPERS, LLC (the "Debtor" or "Presidio"), Dr. Thomas Zachos ("Dr. Zachos") and Kalliope Zachos (collectively "Zachos Guarantors"), and Larry Reeder, Trustee of the Zachos Life Insurance Trust Dated February 26, 1998 (the "Zachos Life Insurance Trust") (CharterBank, EvaBank, Presidio, the Zachos Guarantors and the Zachos Life Insurance Trust shall be collectively referred to as the "Parties"), for the uses and purposes stated herein:

### RECITALS

WHEREAS, CharterBank has asserted a claim against Presidio in the amount of $10,204,864.14 pursuant to that certain promissory note and mortgage dated August 30, 2004 in the face amount of $30,416,000.00 as well as that certain additional consolidated promissory note and loan of additional funds document dated May 31, 2007 in the additional amount of $3,191,772 and that certain renewal note dated December 15, 2008 in the face amount of $10,018,273.03 (collectively the "Notes").

WHEREAS, CharterBank asserts that repayment of the Notes are secured by that certain mortgage dated August 30, 2004, the same being recorded on September 1, 2004 at Book 2559, beginning at Page 2629 of the Official Records of Okaloosa County, Florida and which loan of additional funds, being known as Additional Advance, is recorded on May 31, 2007 at Book 2629, Page 761 of the Official Records of Okaloosa County, Florida in connection, therewith (collectively the "Mortgages") purporting to have encumbered certain real property more particularly described in the said Mortgages incorporated, herein by reference.

WHEREAS, subsequent to the execution of the mortgages, Presidio did sell and convey certain improved parts of the real property, being condominium units, parking spaces and storage units, which said property was released from the mortgages by execution and delivery of certain partial mortgage releases (collectively "Released Property").

WHEREAS, accounting for such Released Property, CharterBank did file its Amended Notice of Lis Pendens on February 2, 2012 in Okaloosa Circuit Court Case 2011CA000190 setting forth the then remaining real property which CharterBank asserts was then subject to its claimed mortgages, the same being recorded in Book 3020, Page 4008 Okaloosa County, Florida official records and, including exhibits thereto, is incorporated herein by reference ("Amended Notice"). The real property which is described in the Amended Notice less and except Parking Spaces P2-56 and P2-3 and Storage Unit 6C (which were sold by Presidio prior to the bankruptcy filing) entered the bankruptcy estate of Presidio on May 29, 2012 and is referred to, herein, as the "Bankruptcy Property."

WHEREAS, on May 29, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for bankruptcy relief pursuant to Chapter 11 of the Bankruptcy Code, initiating that certain

Page 1 of 14

# EXHIBIT A

bankruptcy proceeding currently pending before the United States Bankruptcy Court for the Northern District of Florida (the "Bankruptcy Court"), being case number 12-30783 (the "Bankruptcy Case").

WHEREAS, subsequent to the filing and recording of the Amended Notice, Presidio did pursuant to Orders of the United States Bankruptcy Court, sell and convey certain real property (being part of the Bankruptcy Property) which property is commonly known as: (1) Presidio Condominium Units 800, 803, 901 and 902; (2) Presidio Parking Spaces P2-26, P2-27, P2-2, P2-39, P1-32, P1-73, P1-46 and P1-47; and (3) Presidio Storage Units 8-A, 8-E, 9-C, 9-D (such property in the aggregate being referred to as the "Bankruptcy Ordered Sale Property").

WHEREAS the real property described in Exhibit "A" of the Amended Notice, less and except the Bankruptcy Ordered Sale Property and less and except Parking Spaces P2-56 and P2-3 and Storage Unit 6C (which were sold by Presidio prior to the bankruptcy filing), shall be referred to as the "Remaining Property" and does constitute the real property to be foreclosed upon pursuant to paragraphs 2 and 4 herein (together with all of Presidio's right, title and interest in any common areas).

WHEREAS, CharterBank has brought an action against the Zachos Guarantors based upon certain guaranty documents which it contends were executed by the Zachos Guarantors, to guaranty the Notes and Mortgages, and other indebtedness owed by Presidio Developers, LLC which action is pending in the Circuit Court of Okaloosa County Florida as Case No. 2010 CA 002267 (the "Guarantor Action").

WHEREAS, the Zachos Guarantors have disputed the enforceability of the guaranty documents as well as the Notes and Mortgages, which defenses and counterclaims are presently pending in Case No. 2010 CA 002267.

WHEREAS, CharterBank has brought an additional action against the Zachos Guarantors and the Zachos Life Insurance Trust in the United States District Court, Northern District of Florida, being Case No. 3:13-cv-00131-MCR-EMT (the "Trust Action") seeking, *inter alia*, to set aside certain conveyances of property by the Zachos Guarantors to the Zachos Life Insurance Trust.

WHEREAS, Dr. Zachos, presently the sole manager of Presidio by Order of the United States Bankruptcy Court, has asserted that Presidio's alleged default on its obligations to CharterBank was due to substantial misappropriations of funds by Presidio's former manager, Gary McMichael and bookkeeper, Lisa McMichael with the knowledge and assistance of CharterBank's predecessor, First National Bank of Florida, the McMichaels' attorney, Richard Colbert, Teri and Kenneth Reeves (Mr. McMichael's sister and brother-in-law), Raymond and Edith Gibbs (McMichael's father-in-law and mother-in-law) and others. The Zachos Guarantors and Presidio have asserted claims against the McMichaels, CharterBank, Colbert and various other third parties.

WHEREAS, Dr. Zachos and Presidio have asserted that CharterBank's Notes and

Page 2 of 14

*Settlement Agreement, December 2013*
*CharterBank*
*Thomas & Kalliope Zachos*
*Presidio Developers, LLC*
*Zachos Life Insurance Trust Dated February 26, 1998*

Mortgages are invalid as having been signed only by Gary W. McMichael, who was purporting to act as Presidio's sole manager at the time of the execution of these instruments, without the requisite written consent required by the Presidio Operating Agreement and have also asserted claims for setoff of the amounts claimed to be owed.

WHEREAS CharterBank asserts that Zachos did give his written consent to the notes, mortgages and other loan documents that were part of this transaction.

WHEREAS, CharterBank has brought a foreclosure action against Presidio seeking to foreclose upon the Property (the "Foreclosure Action") and to enforce the terms of the Notes and Mortgages, which action is pending in the Circuit Court of Okaloosa County, Florida, as Case No. 2011 CA 000190.

WHEREAS, any final foreclosure sale of the Property in the Foreclosure Action has been stayed by Order of the Bankruptcy Court.

WHEREAS Presidio contends that it has the right and title to certain boat slip assets (the "Boat Slips") which are subject to a dispute with the Presidio Yacht Club Condominium Owners Association, Inc. (the "Presidio COA").

WHEREAS, the Parties desire to fully settle all disputes which have been or could be raised by and between the parties relating to any and all issues and claims, known or unknown, which could be raised by any of the Parties against the other without the need for further litigation.

NOW THEREFORE, in consideration of the mutual promises, assurances, agreements, covenants below, and for other good and valuable consideration recited hereafter, the receipt and sufficiency of which is acknowledged, the Parties agree as follows:

## THE AGREEMENT

1. INCORPORATION OF RECITALS: The recitals set forth above are true and correct and are incorporated herein as though stated in their entirety.

2. BANKRUPTCY COURT APPROVAL OF MEDIATED SETTLEMENT AGREEMENT: The Parties agree and acknowledge that this Mediated Settlement Agreement is subject to approval by the Bankruptcy Court. Within five (5) business days from the date of this Agreement, Presidio, Thomas Zachos and CharterBank shall file a joint motion to obtain said Bankruptcy Court approval of this Mediated Settlement Agreement. The Parties shall cooperate in promptly filing any and all necessary motions or court papers necessary to effectuate such approval. In the event the Parties are unable to obtain approval from the Bankruptcy Court, this Agreement shall become null and void. Upon approval of this Mediated Settlement Agreement by the Bankruptcy Court and upon presentment of CharterBank's motion for relief from stay, Presidio and Thomas Zachos will immediately stipulate to said motion and to the entry of an order granting the following relief from stay: i) that the foreclosure sale of property in the

Page 3 of 14

*Settlement Agreement, December 2013*
  *CharterBank*
  *Thomas & Kalliope Zachos*
  *Presidio Developers, LLC*
  *Zachos Life Insurance Trust Dated February 26, 1998*

Foreclosure Action may be held in accordance with this Agreement, and (ii) that the funds that are presently being held by CharterBank in the amount of $253,235.93 that are discussed below may be immediately applied to its claim.

3. **STIPULATION REGARDING VALIDITY OF NOTE AND MORTGAGE:** Presidio and the Zachos Guarantors shall stipulate that the Notes and Mortgage are valid and enforceable obligations of Presidio and that the Mortgages constitute a valid lien on the Property.

4. **ZACHOS COUNTERCLAIMS:** Within five (5) days following entry of the Bankruptcy Court's order of approval of this Mediated Settlement Agreement, the Zachos Guarantors shall dismiss with prejudice all of their pending defenses relating to the claims of CharterBank and their counterclaims against CharterBank as set forth in Case No. 2010 CA 002267, and agree that they will not bring any claims in intervention in Case No. 2011 CA 000190, or in any other action, as against CharterBank or EvaBank, and the Zachos Guarantors shall stipulate to the foreclosure relief sought by CharterBank in the foreclosure action. While Unit 302 will also be included in the foreclosure judgment entered in Case No. 2011 CA 000190, the Parties agree that the foreclosure sale of Unit 302 will not be conducted until the conclusion of the disputed boat slip litigation, as set forth below, such that Unit 302 shall remain the property of Presidio until the conclusion of such litigation. Should CharterBank actually set a foreclosure sale of Unit 302 prior to the conclusion of the boat slip litigation as described hereinbelow then the parties stipulate and agree that the obligations of Presidio and of the Zachos Guarantors personally shall be credited the sum of $540,000 as set forth in this Agreement and the mortgage on the Zachos Trust property shall be canceled upon payment of the $350,000 Zachos Payment that is set forth in paragraph 7 below. So long as the Bankruptcy Case is not dismissed, CharterBank will not request that the State Court assess any deficiency as against Presidio in the course of the Foreclosure Action, but that the State Court retain jurisdiction to do so. So long as the Bankruptcy Case is not dismissed any such asserted deficiency shall be addressed solely in the Bankruptcy Court through CharterBank's proof of claim and pursuant to this Mediated Settlement Agreement.

5. **PRESIDIO COUNTERCLAIMS:** Within five (5) days after the Bankruptcy Court's approval of this Mediated Settlement Agreement, Presidio shall dismiss with prejudice all of its counterclaims and defenses against CharterBank in Case No. 2011 CA 000190, and agrees that it will not bring any claims in any other action as against CharterBank or EvaBank relating to the subject loan transaction.

6. **ZACHOS AND PRESIDIO CLAIMS AGAINST OTHERS:** The above referenced dismissal of claims against CharterBank by the Zachos Guarantors and by Presidio shall not operate as a dismissal or withdrawal or waiver or release of claims as against Gary or Lisa McMichael or any other party, person or entity (except CharterBank), which claims are expressly retained and the Zachos Guarantors and Presidio reserve the right to prosecute these claims in the pending state court actions or in a separate action in a different forum solely in their discretion. CharterBank agrees not to oppose the attempts of Zachos and Presidio to bring these claims against any third parties in any action. Responding to properly issued subpoenas or discovery requests shall not be deemed to be opposing Zachos or Presidio.

7. ZACHOS PAYMENT: In consideration of the above and the other provisions of this Mediated Settlement Agreement, Dr. Thomas Zachos and Kalliope Zachos (as joint and several obligors) shall pay the sum of three hundred fifty thousand dollars ($350,000) to CharterBank within twelve (12) months from the date of the Bankruptcy Court's approval of the settlement, subject to credit for payments made to CharterBank as set forth below in paragraph 13. This obligation shall not bear interest.

8. BOAT SLIP CONVEYANCE: Presidio and Dr. Zachos, who are the Plan Proponents in the Presidio Bankruptcy Case, shall amend the Plan of Reorganization to set forth a provision that provides for the assignment by Exclusive Right of Use of the Boat Slips free and clear to CharterBank which shall represent a credit payment of five hundred forty thousand dollars ($540,000) toward CharterBank's unsecured claim, subject to the resolution in Presidio's favor of the boat slip litigation between Zachos, Presidio and the COA. No interest shall accrue on this sum during the initial twelve (12) month period as set forth below.

9. ZACHOS/TRUST LIABILITY RE: BOAT SLIPS: If the Plan Proponents are unsuccessful in prevailing in their claim to the Boat Slips and are unable to deliver the Exclusive Right of Use Agreement to the Boat Slips free and clear to CharterBank within one (1) year from the date of the approval of this Agreement by the Bankruptcy Court, then Dr. Thomas Zachos and Kalliope Zachos shall pay CharterBank an additional $540,000 (secured by the Trust Mortgage as set forth in paragraph 10, below) subject to the terms set forth hereinbelow. To the extent that the Plan Proponents deliver less than eighteen (18) boat slips to CharterBank, Dr. Zachos and Kalliope Zachos as joint and several obligors (and as further secured by the mortgage signed by the Zachos Life Insurance Trust as described in paragraph 10 below) shall be responsible on a pro rata basis (based on the number of boat slips, which for purposes of this Agreement shall be deemed to have a value of $30,000 each) for any value not received by CharterBank through the proposed assignment of Boat Slips. In any event, the maximum liability of Zachos and the Trust relating to the Boat Slips as set forth, herein, shall not exceed $30,000 per boat slip or an aggregate of $540,000. Should the conveyance of the Boat Slips be delayed beyond one year due to an appeal by the COA of the underlying boat slip litigation or of a confirmed plan of reorganization, then the indebtedness secured by the Trust Mortgage referenced in paragraph 10, below, shall, upon the expiration of 12 months from the date, hereof, bear interest, payable monthly at the per annum interest rate of 4.75% during the duration of any such appeal(s), unless earlier paid and the $540,000 obligation and mortgage shall be discharged/credited (pro-rata as described herein) upon delivery of the Boat Slips to CharterBank at the conclusion of any such appeal(s). Upon conclusion of the appeal, in the event that the Plan Proponents were unsuccessful appellees, then the sum secured by the Trust Mortgage shall be due and payable within sixty (60) days following the final decision of the appellate court(s).

10. MORTGAGE FOR ZACHOS PROMISED PAYMENTS: The sums of $350,000 and the $540,000 promised payments referenced above shall be secured by a mortgage (the "Trust Mortgage") (which mortgage will be substantially in the form attached, hereto, as Exhibit A) on the four properties owned by the Zachos Life Insurance Trust, the legal descriptions to which are attached, hereto as Exhibit B. The Zachos Life Insurance Trust hereby represents and

Page 5 of 14

*Settlement Agreement, December 2013*
 *CharterBank*
 *Thomas & Kalliope Zachos*
 *Presidio Developers, LLC*
 *Zachos Life Insurance Trust Dated February 26, 1998*

warrants that it has not granted or allowed any mortgage, lien, or other encumbrance upon the property described in Exhibit B, other than the current year's taxes since the commencement of the Trust Action, and that it is lawfully seized of said property. At the conclusion of the 12 month time period, should the obligors be required to make the above payments, CharterBank shall fully cooperate with Thomas Zachos, Kalliope Zachos and with the Zachos Life Insurance Trust should it be deemed necessary to refinance the Trust Mortgage through a third party lender for purposes of satisfying any remaining indebtedness to CharterBank owed by the Zachoses or the Zachos Life Insurance Trust pursuant to this Agreement. Other than a State Court action brought to foreclose the Trust Mortgage, the Bankruptcy Court shall retain jurisdiction over the enforcement of this Mediated Settlement Agreement and any party who breaches the same shall be responsible for fees and costs in connection with the enforcement of this Agreement.

11. **SETTLEMENT OF GUARANTOR ACTION:** CharterBank hereby settles the disputed claims as to the validity and/or enforceability of the guaranties as against Thomas and Kalliope Zachos by stipulating that the claims against the Zachos Guarantors in the Guarantor Action are fully settled by this Mediated Settlement Agreement. CharterBank and the Zachos Guarantors agree to file their joint motion to stay the Guarantor Action as to Thomas Zachos and Kalliope Zachos (but not as to any other parties in the case) until the mediated settlement is approved by the US Bankruptcy Court and within five (5) days thereafter to dismiss the Guarantor Action as against Thomas and Kalliope Zachos with prejudice (but nothing in this paragraph shall be deemed to prevent CharterBank from enforcing this Mediated Settlement Agreement or the Trust Mortgage in an appropriate action).

12. **SETTLEMENT OF TRUST ACTION:** CharterBank and Defendants Thomas Zachos, Kalliope Zachos, and Larry Reeder agree to file their joint motion to stay the pending Trust Action until this Mediated Settlement Agreement is approved by the Bankruptcy Court. Within five (5) days following such approval and delivery of the Trust Mortgage, CharterBank shall dismiss the Trust Action with prejudice (but nothing in this paragraph shall be deemed to prevent CharterBank from enforcing this Mediated Settlement Agreement or the Trust Mortgage in an appropriate action) and shall discharge all lis pendens filed in connection with the Trust Action and recorded in the Official Records of Okaloosa County, Florida.

13. **CREDIT OF FUNDS RECEIVED BY CHARTERBANK:** This settlement being in the nature of the settlement of a guaranty, CharterBank will credit against the Zachos obligations/mortgage referenced in paragraphs 7 – 10, dollar for dollar, any payments received by CharterBank from Presidio (or from Presidio's successor (reorganized debtor) following reorganization) within twelve (12) months after the date of the Bankruptcy Court's approval of this Agreement, including, but not limited to, any funds received from Presidio's BP Claim. However, no credit against the Zachos obligations/mortgage shall be given for the net sum of $253,235.93 that CharterBank is presently holding as further set forth below and no credit against the Zachos obligations/mortgage shall be given for the value of or sales proceeds from the Released Property, Bankruptcy Property, Bankruptcy Ordered Sale Property, or Remaining Property.

14. **PRESIDIO'S CONSENT TO JUDGMENT:** Upon presentation by CharterBank,

*Settlement Agreement, December 2013*
  *CharterBank*
  *Thomas & Kalliope Zachos*
  *Presidio Developers, LLC*
  *Zachos Life Insurance Trust Dated February 26, 1998*

Presidio shall consent to a stipulated Judgment in the foreclosure case in the amount of $10,204,864.14 which amount shall be consistent with the total secured and unsecured claims filed by CharterBank in the Bankruptcy Case (less credits for the sum of $1,477,050.74 that has already been received through the bankruptcy case through sales of condominium units and less the net sum of $253,235.93 from the monies that CharterBank is presently holding as further set forth below. CharterBank, Presidio and Zachos shall further stipulate to a foreclosure sale as described herein in which the delinquent property taxes, if any, shall be paid in full by CharterBank if it is the successful bidder at the foreclosure sale.

15. BANKRUPTCY TREATMENT. Execution of a Clerk's Certificate of Title to the Remaining Property to CharterBank by the State Court foreclosure sale, as well as the other treatment described in paragraph 17, below, shall be deemed the "indubitable equivalent" of CharterBank's Secured Claim. CharterBank, Presidio and Thomas Zachos shall agree to a stipulated value of the collateral which after deduction of the property taxes and whatever amount of COA dues (if any) may be paid by CharterBank in the course of the foreclosure shall yield (i) a stipulated secured claim (the "Secured Claim") in the Bankruptcy Case of $7,204,864.14 as to the collateral (the Bankruptcy Property as defined above) as of the date of the bankruptcy filing, and (ii) a stipulated unsecured claim (the "Unsecured Claim") in the amount of $3.0 million.

16. CHARTERBANK'S CLAIMS AGAINST MCMICHAELS: CharterBank reserves all of its rights and claims against Gary W. McMichael and Lisa V. McMichael on their guaranties.

17. ISSUES RELATING TO BANKRUPTCY CASE:

    a. CHARTERBANK'S SECURED AND UNSECURED CLAIMS: As set forth, above, the parties shall stipulate that CharterBank shall have a stipulated Secured Claim in the amount of $7,204,864.14 and a stipulated Unsecured Claim in the amount of $3,000,000. CharterBank shall file an amended proof of claim so reflecting, which proof of claim shall not be contested by the Debtor or the Zachos Guarantors. The amended plan shall recognize satisfaction of CharterBank's Secured Claim by the return of the Remaining Property (less Unit 302) to CharterBank through the agreed foreclosure sale, a credit of the proceeds of the four prior sales to CharterBank's Secured Claim, a credit of the net sum of $253,235.93[1] from the monies that CharterBank is presently holding to CharterBank's Secured Claim (CharterBank shall be permitted to credit this sum immediately upon Bankruptcy Court approval of this Agreement), and from a separate foreclosure sale of Unit 302 as described below, which treatment, in the aggregate, shall be deemed the "indubitable equivalent" of CharterBank's Secured Claim.

    b. NO FUNDS DISBURSED TO EQUITY HOLDERS UNTIL

---

[1] CharterBank is presently holding a total of $290,285.93, of which $37,050 represents tenant security deposits and, accordingly, the tenant security deposit sum is deducted from the amounts which may be credited to the claim as set forth, herein.

*Settlement Agreement, December 2013*
*CharterBank*
*Thomas & Kalliope Zachos*
*Presidio Developers, LLC*
*Zachos Life Insurance Trust Dated February 26, 1998*

CHARTERBANK'S UNSECURED CLAIM IS PAID IN FULL: The Parties agree that no funds of Presidio shall be paid or disbursed to Thomas Zachos or Gary McMichael, unless and until CharterBank's unsecured claim is paid in full.

    c.     BOAT SLIPS: The Parties acknowledge that the Adversary Proceeding between Presidio/Zachos and the COA relating to the Presidio boat slips is not addressed or resolved by this Agreement.

    d.     CONSENT TO FORECLOSURE/AMENDED PLAN: Within thirty (30) days from the date of the Approval of this Mediated Settlement Agreement by the Bankruptcy Court, Presidio and Thomas Zachos shall prepare and file an amended Plan of Reorganization consistent with this Agreement, which shall be circulated to CharterBank prior to filing. CharterBank agrees to vote in favor of the amended Plan of Reorganization consistent with this Agreement.

    e.     UNIT 302. The Amended Plan will provide that Unit 302 will be retained by the Debtor during the pendency of the Boat Slip litigation, but that the foreclosure sale on this unit shall be thereafter conducted as set forth herein.

    f.     CONFIRMATION OF PLAN. Should the Bankruptcy Court require any amendment(s) or modification(s) of the Plan of Reorganization as a condition of confirmation, such amendment(s) or modification(s) shall have no bearing or effect upon the validity and enforceability of this Agreement so long as CharterBank's treatment under the Plan and under this Agreement is not materially altered by such amendment or modification. Should this Mediated Settlement Agreement be approved by the Bankruptcy Court, but Presidio fail to achieve confirmation of its plan of reorganization, the liability of the Zachos Guarantors and of the Zachos Life Insurance Trust to CharterBank and/or EvaBank or its sub-participants shall nonetheless be limited to such sums as are set forth in Paragraphs 7 – 10 herein.

18.     MUTUAL RELEASE: The Zachos Guarantors, Presidio and the Zachos Life Insurance Trust hereby unconditionally release CharterBank, EvaBank, and their sub-participants, attorneys, officers, directors, employees, agents, successors, and assigns, and CharterBank and EvaBank unconditionally release the Zachos Guarantors, Presidio and the Zachos Life Insurance Trust, and their respective attorneys, officers, directors, employees, accountants, insurers, agents, successors, and assigns, from any and all claims, known and unknown, that the above referenced Parties may have against one another, **except as these relate to the rights and obligations granted by this Mediated Settlement Agreement.** The released claims include, but are not limited to, all claims for any and all liability asserted or which could have been asserted in the following cases: (1) CharterBank v. Thomas D. Zachos, et al, Case No. 2010 CA 002267, (2) CharterBank v. Presidio Developers, LLC, Case No. 2011 CA 000190, (3) CharterBank v. Thomas D. Zachos, et al, Case No. 3:13cv131-MCR/EMT, and (4) In re Presidio, Bankruptcy Case No. 12-30783; and also any and all claims for liability of any kind that could be asserted in any other legal or equitable proceeding as of the date of this Agreement. The released claims do not include those claims by CharterBank against Gary W. McMichael and Lisa V.

Page 8 of 14

McMichael. Notwithstanding any provision contained herein to the contrary, Presidio, Dr. Zachos and Kalliope Zachos do not release such persons or entities (other than CharterBank, EvaBank and their sub-participants) with liability and involvement in the misappropriation of Presidio's and/or Zachos' funds or with liability for assisting in, or negligently allowing, such misappropriation(s), including but not limited to the following: Gary W. McMichael, Lisa V. McMichael, Richard Colbert, Richard M. Colbert, P.A., Richard Colbert, PLLC, Clark, Partington, Hart & Hart, P.A., Clark, Partington, Hart, Larry, Bond & Stockhouse, P.A., Todd LaDouceur, Todd M. LaDouceur, P.A., Galloway Johnson et al., Beach Title Services, LLC, Beach Community Bank, Beach Community Financial Services, Inc., The Turn Key Group, Inc. (TN and/or FL entities), Chicago Title, Joel Meriwether, Joel V. Meriwether, PA, Southern Technology Solutions, Inc., Kenneth Reeves, Teri Reeves, D. Timothy Herndon, Carr, Riggs & Ingrahm, Raymond Gibbs, Edith Gibbs, the parents of Gary McMichael or Presidio Investors, LLC or such other persons or entities similarly situated, even if any such person or entity may claim that he/it has acted as an attorney, accountant, officer, realtor, agent or insurer of the entities being released herein, and such claims are expressly reserved by this Agreement.

19. **ATTORNEYS' FEES/COSTS/CHOICE OF LAW/VENUE:** The Parties acknowledge and agree that each party shall be responsible for payment of their own attorneys' fees and costs as well as expenses and tax consequences, if any, arising out of and/or in connection with the various cases referenced, herein, the negotiation, drafting, and execution of this Mediated Settlement Agreement, and all matters arising out of or connected therewith, provided however that in the event any action is brought to enforce the terms and conditions of this Agreement, the prevailing party shall be entitled to reasonable attorneys' fees, expenses, and costs, in addition to any other relief to which that party, or those parties, may be entitled as determined by a court of competent jurisdiction. The Parties stipulate that this Mediated Settlement Agreement shall, in all respects, be governed by and interpreted in accordance with Title 11 of the United States Code, the Bankruptcy Rules, and the laws of the State of Florida. Other than a State Court action brought to foreclose the Trust Mortgage, the Bankruptcy Court shall retain jurisdiction to enforce the terms of this Mediated Settlement Agreement, and the Parties further stipulate that proper venue for any court proceeding initiated by any party to enforce or interpret this Agreement shall be exclusively in the Bankruptcy Court, except that if the Bankruptcy Court should, at any time, decline or fail to exercise jurisdiction over this Agreement, then venue and jurisdiction shall be had in any court of competent venue and jurisdiction within the State of Florida.

20. **COMPROMISE:** This Mediated Settlement Agreement is the result of a compromise between the Parties and shall not, at any time or for any purpose, be considered as an admission of liability and/or fault by any of the Parties, or any of their respective subsidiaries, affiliates, parents, shareholders, directors, officers, members, representatives, employees, attorneys, agents, insurers, partners, successors and assigns, and any other person or entity associated with the Parties, nor shall the payment of any sum of money, or receipt of any other consideration, for the execution of this Agreement constitute, or be construed as, an admission of any liability and/or fault whatsoever by CharterBank, EvaBank, Presidio, the Zachos Guarantors or the Zachos Life Insurance Trust with respect any disputed issue.

Page 9 of 14

*Settlement Agreement, December 2013*
  *CharterBank*
  *Thomas & Kalliope Zachos*
  *Presidio Developers, LLC*
  *Zachos Life Insurance Trust Dated February 26, 1998*

21. **SETTLEMENT AGREEMENT:** This Agreement requires approval by the Bankruptcy Court and should the Agreement not be approved by the Court, the parties acknowledge that the content herein shall be deemed settlement negotiations, shall not be admissible in any court proceeding, or otherwise utilized by any party or non-party for any purpose and none of the recitals or other text, herein, shall be deemed an admission, estoppel or evidence as to any issue of fact. Upon the filing of this Mediated Settlement Agreement with the Bankruptcy Court, the contents of this document shall become non-confidential. Notwithstanding disclosure of this Agreement, nothing herein shall alter or amend (1) the Florida or Federal statutory common law relating to mediation and/or settlement negotiation confidentiality or (2) the provisions of the Order of the Bankruptcy Court relating to confidentiality in connection with this Mediation.

22. **PRODUCT OF NEGOTIATION:** This Agreement is the product of a collective-drafting effort by and among the Parties and their respective attorneys and reflects the understanding and agreement reached through mediation negotiations among the Parties. The Parties therefore acknowledge and agree that this Agreement shall not be deemed prepared or drafted by one party or another and shall be construed accordingly.

23. **BINDING UPON PARTIES:** Upon Bankruptcy Court approval of this Mediated Settlement Agreement, this Agreement shall be binding upon and inure to the benefit of the Parties, and their respective affiliates, subsidiaries, parents, shareholders, directors, officers, members, representatives, employees, attorneys, agents, post-petition lenders, insurers, partners, participating banks, sub-participating banks, successors and assigns. CharterBank and EvaBank represent that they have the authority to bind not only themselves, but also any sub-participating banks that have any interest in the Notes and Mortgage, which are the subject of this Agreement, to the terms of this Agreement.

24. **COUNTERPARTS:** This Agreement may be executed in several counterparts, each of which shall be an original, so that all of this, taken together, shall constitute one and the same instrument. Facsimile and/or email signatures hereon shall be acceptable and deemed binding as if originals.

25. **ENTIRE AGREEMENT:** This Agreement constitutes the entire understanding between the Parties with respect to the matters set forth herein. The Parties acknowledge and agree that there are no representations, warranties, agreements, arrangements, or undertakings, oral or written, between the Parties relating to the subject matter of this Agreement, which are not fully expressed herein.

26. **HEADINGS:** The various headings of this Agreement are inserted for convenience only and shall not affect the interpretation of this Agreement.

27. **FINANCIAL DISCLOSURES:** Upon the entry of an Order by the Bankruptcy Court approving this Mediated Settlement Agreement, Thomas Zachos, Kalliope Zachos, and the Zachos Life Insurance Trust agree to promptly provide CharterBank with complete copies of their federal income tax returns for the last two years. The Parties agree that these tax returns

*Settlement Agreement, December 2013*
*CharterBank*
*Thomas & Kalliope Zachos*
*Presidio Developers, LLC*
*Zachos Life Insurance Trust Dated February 26, 1998*

and the financial disclosures provided to CharterBank and EvaBank for use at mediation may be retained by said entities and may only be used for internal reporting, and that these tax returns and disclosures may be disclosed only to sub-participants, the FDIC, auditors, and bank examiners in accordance with customary banking practices and are not to be disclosed to any other party, person or entity.

28. NOTICE TO PARTIES: Any notice required or permitted to be given regarding the performance of the terms of this Agreement shall be deemed given if delivered (i) in writing, (ii) by United States registered or certified mail, postage prepaid, return receipt requested, or by Federal Express or United Parcel Service overnight delivery service, (iii) and by email, and (iv) addressed as follows:

| | |
|---|---|
| If to CharterBank: | Curti M. Johnson, Esq.<br>c/o CharterBank<br>600 Third Ave.<br>Westpoint, GA 31833 |
| With Copy to: | T.A. Borowski, Jr., Esq.<br>Borowski & Traylor, P.A.<br>25 West Cedar Street, Suite 525<br>Pensacola, FL 32502<br>Email: ted@borowski-traylor.com |
| If to EvaBank: | Doug Johnson<br>EvaBank<br>2915 Clairmont Avenue<br>Birmingham, AL 35205<br>Email: dougj@eva-bank.com<br><br>Dewayne N. Morris<br>2131 Third Ave. North<br>Birmingham, AL 35203<br>morrisdn@bellsouth.net |
| With Copy to: | T.A. Borowski, Jr., Esq.<br>Borowski & Traylor, P.A.<br>25 West Cedar Street, Suite 525<br>Pensacola, FL 32502<br>Email: ted@borowski-traylor.com |
| If to Thomas and/or Kalliope Zachos | Thomas and Kalliope Zachos<br>4154 Beach Drive<br>Niceville, FL 32578 |

|  |  |
|---|---|
|  | with copy to:<br>Natasha Revell, Esq.<br>Zalkin Revell, PLLC<br>2441 US Hwy 98 W, Ste. 109<br>Santa Rosa Beach, FL 32549<br>Email: tasha@zalkinrevell.com<br>and Kenneth W. Revell, Esq.<br>Email: krevell@zalkinrevell.com<br><br>and:<br>Gregory D. Crosslin, Esq.<br>Crosslin & Associates<br>3999 Commons Drive W., Suite D<br>Destin, FL 32541<br>Email: greg@bug-law.com |
| If to Presidio Developers, LLC | Presidio Developers, LLC<br>c/o Robert McCullar<br>2441 US Hwy 98 W, Ste. 108<br>Santa Rosa Beach, FL 32549<br>Email: rmccullar@mccullarcpa.com<br><br>with copy to:<br>A. Benjamin Gordon, Esq.<br>Keefe, Anchors and Gordon, P.A.<br>2113 Lewis Turner Boulevard, Suite 100<br>Fort Walton Beach, FL 32547<br>Email: bgordon@kaglawfirm.com<br><br>and:<br>David Luther Woodward, Esq.<br>The Law Offices of David Luther Woodward, P.A.<br>1415 Lemhurst Road<br>Pensacola, Florida 32507-0475<br>Email: DLW@Woodlaw.Pro |

Page 12 of 14

*Settlement Agreement, December 2013*
*CharterBank*
*Thomas & Kalliope Zachos*
*Presidio Developers, LLC*
*Zachos Life Insurance Trust Dated February 26, 1998*

If to Zachos Life Insurance Trust Dated February 26, 1998

Larry Reeder, Trustee
Zachos Life Insurance Trust
Nicholson, Reeder & Reynolds, P.A.
4635 Gulfstarr Dr., Ste. 300
Destin, FL 32541
Email: larry.reeder@nrrcpa.com

with copy to:
Natasha Revell, Esq.
Zalkin Revell, PLLC
2441 US Hwy 98 W, Ste. 109
Santa Rosa Beach, FL 32549
Email: tasha@zalkinrevell.com
and Kenneth W. Revell, Esq.
Email: krevell@zalkinrevell.com

(Signatures on Following Page(s))

Page 13 of 14

*Settlement Agreement, December 2013*
*CharterBank*
*Thomas & Kalliope Zachos*
*Presidio Developers, LLC*
*Zachos Life Insurance Trust Dated February 26, 1998*

Date: December __31__, 2013

_____/s/ Thomas D. Zachos_____
Thomas D. Zachos

_____/s/ Kalliope Zachos_____
Kalliope Zachos

CHARTERBANK

By: _____
(signature)

Print Name: _____

Its: _____
(Title)

EVABANK

By: _____
(signature)

Print Name: _____

Its: _____
(Title)

PRESIDIO DEVELOPERS, LLC

By: _____/s/ Thomas D. Zachos_____
Thomas D. Zachos, Manager

ZACHOS LIFE INSURANCE TRUST DATED FEBRUARY 26, 1998

By: _____
Larry Reeder, Trustee

Page 14 of 14

*Settlement Agreement, December 2013*
  *CharterBank*
  *Thomas & Kalliope Zachos*
  *Presidio Developers, LLC*
  *Zachos Life Insurance Trust Dated February 26, 1998*

Date: December 3 /, 2013

_____
Thomas D. Zachos

_____
Kalliope Zachos

CHARTERBANK

By: _____/s/_____
    (signature)

Print Name: Curt Johnson

Its: General Counsel
    (Title)

EVABANK

By: _____
    (signature)

Print Name: _____

Its: _____
    (Title)

PRESIDIO DEVELOPERS, LLC

By: _____
    Thomas D. Zachos, Manager

ZACHOS LIFE INSURANCE TRUST DATED FEBRUARY 26, 1998

By: _____
    Larry Reeder, Trustee

Page 14 of 14

Settlement Agreement, December 2013
    CharterBank
    Thomas & Kalliope Zachos
    Presidio Developers, LLC
    Zachos Life Insurance Trust Dated February 26, 1998

Date: December 3/, 2013

_____
Thomas D. Zachos

_____
Kalliope Zachos

CHARTERBANK

By: _____
     (signature)

Print Name: _____

Its: _____
     (Title)

EVABANK

By: *Dewayne N. Morris* _____
     (signature)  12-27-13

Print Name: Dewayne N. Morris

Its: Chairman, CEO and attorney
     (Title)

PRESIDIO DEVELOPERS, LLC

By: _____
     Thomas D. Zachos, Manager

ZACHOS LIFE INSURANCE TRUST DATED FEBRUARY 26, 1998

By: _____
     Larry Reeder, Trustee

Page 14 of 14

*Settlement Agreement, December 2013*
 *CharterBank*
 *Thomas & Kalliope Zachos*
 *Presidio Developers, LLC*
 *Zachos Life Insurance Trust Dated February 26, 1998*

Date:  December **31**, 2013

_____
Thomas D. Zachos

_____
Kalliope Zachos

CHARTERBANK

By: _____
    (signature)

Print Name: _____

Its: _____
    (Title)

EVABANK

By: _____
    (signature)

Print Name: _____

Its: _____
    (Title)

PRESIDIO DEVELOPERS, LLC

By: _____
    Thomas D. Zachos, Manager

ZACHOS LIFE INSURANCE TRUST DATED FEBRUARY 26, 1998

By: _____/s/ Larry Reeder_____
    Larry Reeder, Trustee

Page 14 of 14